UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NOLAN C. DAVIS, SR.** | : | **CIVIL ACTION NO. 2:12-cv-1746** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **DANIEL GRANGER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING RESCINDING
PREVIOUS ORDER GRANTING MOTION TO
AMEND AND DENYING THE MOTION TO AMEND**

Before the court is the civil rights complaint by plaintiff, Nolan C. Davis, Jr. Plaintiff is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections, and he is housed at the Allen Correctional Center ("ALC"). He has previously been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 8.

Plaintiff filed suit on June 18, 2012, and he alleged in his original complaint that he is housed in an environment wherein he is subjected him to environmental tobacco smoke ("ETS"). Doc. 5. The petition underwent an initial review process, and ultimately, the undersigned ordered that the defendants be served with process. Doc. 27.

After service was ordered, plaintiff moved to amend his complaint. Doc. 30. Plaintiff alleged in his amended complaint that he has been served spoiled breakfast sausage at several meals. He alleges that the act of serving spoiled food (and the failure to serve fresh food) constitutes deliberate indifference in violation of the Eighth Amendment.

The undersigned granted plaintiff's motion to amend. Doc. 32. However, upon further consideration, the undersigned concludes that granting leave to amend was unwarranted. As such, the previous order [doc. 32] is RESCINDED, and the motion [doc. 30] is DENIED.

Rule 20 of the Federal Rules of Civil Procedure governs the permissive joinder of defendants. It provides that several persons may be joined as defendants in the same action if both of the following are satisfied:

> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The original petition complains of second-hand smoke, while the latter complains of the breakfast sausage. Thus, the amended petition does not *amend* the allegations of the original petition; rather, it makes entirely new allegations. Plaintiff now seeks relief for damages allegedly caused by a completely unrelated incident, or as the Federal Rules describe it—a separate "occurrence."

The original petition asserts claims against eight (8) defendants, while the amended petition names two (2) defendants. Seven (7) of the defendants are unique to the original petition, while one (1) defendant, Shelton Manuel, is unique to the second petition. Only defendant Terrell is common to both the original and amended petitions.

Plaintiff cannot satisfy the first requirement of permissive joinder of defendants because the allegations of the amended petition are wholly unrelated to the allegations of the original petition. He does not assert any right to relief against defendant Manuel that is even remotely related to the grounds for relief asserted against the seven (7) defendants unique to the original petition. As such, permissive joinder of defendants is unwarranted. *See e.g. Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994) (in a civil rights case, joinder of second properly denied where the following factors would create jury confusion: the two alleged incidents were separated by

two years; the injury claims were separate and distinct; and the second complaint would require joinder of additional police officers as defendants).

Policy considerations also counsel in favor of denying plaintiff leave to amend. The original petition underwent an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has been granted leave to proceed *in forma pauperis*. The amended petition has not been subjected to the screening process. The court has a vested interest in ensuring that the initial screening process is not circumvented. Ultimately, plaintiff may still pursue his claim by filing a separate suit.

Accordingly, the order granting leave to amend [doc. 32] is RESCINDED, and the motion for leave [doc. 30] is DENIED.

THUS DONE this 9th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE