UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NOLAN C. DAVIS, SR.** | : | **CIVIL ACTION NO. 2:12-cv-1746** |
| **VS.** | : | **JUDGE MINALDI** |
| **DANIEL GRANGER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

#### INTRODUCTION

Before the court is the motion to compel [doc. 70] filed by plaintiff Nolan C. Davis, Sr. ("Davis"). Davis seeks an order compelling defendants to produce documents that he claims were either incompletely produced or not produced at all. *Id.* Defendants deny that any of the documents they produced were incomplete. Doc. 83, p. 1.. Furthermore defendants argue that they did not provide responsive documents to several of Davis's requests because the requests are overbroad, unduly burdensome, or not fairly likely to lead to admissible evidence. *Id.* Finally, defendants argue that the documents Davis seeks are confidential pursuant to Louisiana law and may only be produced after an *in camera* inspection by this court as to their potential relevance. *Id.*

For the reasons that follow, the undersigned agrees with defendants that his requests are overbroad, unduly burdensome and not fairly calculated to lead to the discovery of admissible evidence. Therefore, Davis's motion is hereby DENIED.

#### I. FACTS & PROCEDURAL HISTORY

Davis is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections housed at Allen Correctional Center ("ALC"). He filed the instant civil rights complaint *in forma pauperis* on June 18, 2012, alleging that he is housed in an environment that

causes him constant exposure to environmental tobacco smoke ("ETS"), in violation of Louisiana law. Doc. 5. Davis names the following as defendants in this matter: Geo Group, Inc. ("GEO") (the private entity that owns and operates ALC); ALC Warden Terry Terrell ("Terrell"); Assistant Warden Keith Cooley ("Cooley"); and Captain Daniel Granger ("Granger") (collectively, "defendants").[1] Davis alleged that defendants failed to enforce a no-smoking policy at ALC, and that his resulting exposure to ETS has endangered his health and violated his 8th Amendment right against cruel and unusual punishment. *Id.*

On February 25, 2013, having conducted an initial review, the undersigned directed defendants to answer the complaint. Doc. 27. Thereafter, Davis began to litigate this matter prodigiously and filed dozens of motions and discovery requests. Davis allegedly propounded discovery on defendants on April 26, 2013, May 6, 2013 and May 20, 2013. Doc. 55, p. 1. However defendants claim that they were never served with these requests until June 5, 2013, when Davis filed his first motion to compel. *See* doc. 62, p. 1. On June 25, 2013, along with their opposition to Davis's motion, defendants attached their discovery responses. Doc. 62, att. 1.

Davis now again moves to compel arguing that "defendants [have] refused to comply completely" with his discovery requests. Doc. 66, p. 2. Specifically, Davis demands that defendants to produce a copy of the standards promulgated by the American Correctional Association ("ACA"), though he does not specify what standards he is seeking. Doc. 66, p. 3. He further claims that defendants only produced part of his medical records and therefore seeks an order compelling defendants to produce them in their entirety. *Id.*

---

[1] Davis also names Burt Michot; Rodney Slay; Sandy McCain; and Darren Scrugg, but Davis does not seem to be seeking any discovery in relation to these defendants at this time.

Furthermore, Davis specifically objects to defendants' responses to requests for production 14, 19, 20, 22, and 29. *Id.*; *see also* doc. 68, p. 2. Davis claims that despite the documents requested are highly relevant and must be produced. Davis's requests, along with defendants' responses, are reproduced below:

**REQUEST NO. 14:**

Produce the official copies of the Jupiter Housing Unit logbook that shows [the] log-in times and names of all employees on duty [who] were responsible for the plaintiff's care and protection from May 7, 2012 to October 31, 2012.

**RESPONSE TO REQUEST NO. 14:**

The log books for the Jupiter Housing Unit at Allen Correctional Center will be made available for inspection, if the Court orders such production after an in camera inspection as required by La. R.S. 15:574.12. However, the log books will not provide rosters of employees assigned to the Jupiter Housing Unit at Allen Correctional Center.

\* \* \*

**REQUEST NO. 19:**

Produce a copy of all records, complaints, disciplinary actions, [and lawsuits] filed against defendant Granger while employed for the GEO Group, Inc.

**RESPONSE TO REQUEST NO. 19:**

No documents responsive to this request will be produced, unless the Court orders production. The request is overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Further, production of any materials responsive to this request can only be made after an in camera inspection by the court, as required by La. R.S. 15:574.12.

**REQUEST NO. 20:**

Produce a copy of any and all record of complaints, disciplinary actions[,] and law suits filed against [defendants Terrell and Cooley] while employed under Authority of ALC.

**RESPONSE TO REQUEST NO. 20:**

No documents responsive to this request will be produced, unless the Court orders production. The request is overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Further, production of any materials

responsive to this request can only be made after an <u>in camera</u> inspection by the court, as required by La. R.S. 15:574.12

\* \* \*

**REQUEST NO. 22:**

Any and all logs, lists, documentations reflecting grievances filed on GEO staff at ALC from May 7, 2012 to present.

**RESPONSE TO REQUEST NO. 22:**

No documents responsive to this request will be produced, unless the Court orders production. The request is overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Further, production of any materials responsive to this request can only be made after an <u>in camera</u> inspection by the court, as required by La. R.S. 15:574.12

\* \* \*

**REQUEST NO. 29:**

Produce the logbook of any and all inmates names house on Jupiter Unit tier A-1, C-1, and Mercury Unit tier C-2, Mars Unit tier B-2.

**RESPONSE TO REQUEST NO. 29:**

The log books will be made available for inspection, if the Court orders such production after an <u>in camera</u> inspection as required by La. R.S. 15:574.12. However, the log books will not have a listing of the names of inmates housed in these units.

Doc. 62, att. 1, pp. 2–10.

## II. LEGAL STANDARDS

**A. Motions to Compel**

Courts are empowered to compel the production of documents upon motion by the party seeking discovery. Fed. R. Civ. P. 37(a). The party posing discovery may move to compel the disclosure of any materials requested, so long as such discovery is relevant and otherwise discoverable. Materials and information are discoverable if they are non-privileged and

"relevant to any party's claim or defense" or if they appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (2013).

The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have boundaries, *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); and it is well established that the scope of discovery is within the sound discretion of the trial court. *Burns v Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir.1973).

### B. Louisiana Revised Statute Section 15:514.12

Louisiana law provides that all information and data gathered or obtained by prison officials in the discharge of their official duties is confidential. La. R.S. § 15:514.12(A); *see also* La. Atty. Gen. Opinion No. 09-0139, 2009 WL 2096164 at *1 (La. A.G. 2009). If such records are subpoenaed, the records must be submitted to the appropriate court for an *in camera* inspection at which the court must rule as to whether the information should be turned over to the party who caused the subpoena to be issued. La. R.S. § 15:514.12(F). The court must order the information withheld if it determines: (a) that the information is not relevant to the proceedings; (b) that the information was derived from communications which were obviously made in the confidence that they would not be disclosed; or (c) that confidentiality is essential to future useful relations between the source and the recorder of the information. *Id.* "Should the court authorize disclosure of the records in accordance with the subpoena, the party who caused the subpoena to be issued shall pay a fee for the cost of production of the records. . ., unless the court determines that the party has been granted pauper status in accordance with law." *Id.*

### III. DISCUSSION

Each of the disputed requests will be addressed in turn according to standards set forth above:

**A. Request No. 14**

In request number 14, Davis seeks a copy of "the Jupiter Housing Unit logbook that shows log-in times and names of all employees on duty [who] were responsible for the plaintiff's care and protection from May 7, 2012 to October 31, 2012." Defendants object to this request on the grounds that ALC logbook entries do not reflect which GEO employees are assigned to a particular housing unit but only which employees were on duty at the *entire* facility.

The undersigned concludes that production of the logbook would not be fairly calculated to lead to the discovery of admissible evidence. . Defense counsel has indicated that the contents of the log book would not reflect the GEO employees working on a Jupiter Unit at any given time. Because defendants' attorney is an officer of the court, he has a duty to make contentions that are both legally and factually supported. Fed. R. Civ. Proc. 11(b)(2)–(3) (2013). We have no reason to believe that counsel has made misrepresentations in this matter and we therefore accept as true the contention that the logbook will not reflect the GEO employees working on Jupiter Unit at a given time.

Davis's motion to compel production of the logbook is hereby denied.

**B. Request No. 19**

In request number 19, Davis seeks "a copy of all records, complaints, disciplinary actions, [and] law suits filed against defendant Granger while employed for the GEO Group, Inc." Defendants object to this request as overbroad, unduly burdensome, and unlikely to lead to admissible evidence.

We agree with defendants. Granger has been with GEO for nearly twenty years and undoubtedly has been named in myriad grievances and complaints filed by inmates. Doc. 83, p.

2. Before this court would undergo the arduous task mandated by La. R.S. 15:514.12, namely review of those documents for potential relevance prior to production, plaintiff must give some indication of how this information could potentially lead to admissible evidence and this he has not done.

Plaintiff's request to order defendants to produce these documents is denied.

**C. Request No. 20**

In request number 20, Davis seeks a "copy of any and all record of complaints, disciplinary actions and law suits filed against defendant[s] Terrell [and] Cooley while employed [at GEO]."

For the same reasons found *supra* in Part III.B, we find that this request is overbroad and unduly burdensome. Furthermore plaintiff has given no information that could cause this court to believe that the information sought is fairly calculated to lead to the discovery of admissible evidence. Therefore, Davis's motion to compel production pursuant to request number 20 is hereby denied.

**D. Request No. 22**

In request number 22, Davis seeks a copy of "[a]ny and all logs, lists, documentations reflecting grievances filed on GEO staff at ALC from May 7, 2012 to present."

We find that this request is overbroad and would not potentially provide any relevant information. The numerous administrative grievances filed by ALC inmates during the fifteen-month period Davis specifies have no bearing on the instant matter. Davis's motion to compel production pursuant to request number 22 is hereby denied.

**E. Request No. 29**

In request number 29, Davis seeks a copy of "the logbook of any and all inmates names house[d] on Jupiter Unit tier A-1, C-1, and Mercury Unit tier C-2, Mars Unit tier B-2." Defendants object to this request as overbroad because it does not specify the time period Davis wishes to review. Furthermore, defendants point out that no logbook lists the names of all inmates housed in any particular unit, and thus the logbook does not contain the information Davis seeks.

We find that once again this request is overbroad and production of these documents would not fairly lead to the discovery of admissible evidence as the logbook would not show who was working on the units Davis specified. Accordingly, Davis's motion to compel production of the logbook is hereby denied.

### F. ACA Standards

Davis seeks production of the standards promulgated by the ACA for adult correctional facilities. Doc. 66, p. 3.

The documents sought are not documents prepared by defendants nor are they in ALC's possession. Accordingly, Davis's motion to compel production of the ACA standards is hereby denied.[2]

### G. Medical Records

Finally, Davis claims that defendants only partially produced his medical records, and therefore seeks their full production. Doc. 66, p. 3. Defendants claim that they have produced all medical records in their possession relating to Davis, consisting of several hundred pages. Doc. 83, p. 1.

---

[2] We note that opposing counsel has offered assistance in providing to plaintiff copies of specific standards. Doc. 83, p. 1, n.1. It is suggested that plaintiff accept this offer and obtain the copies he seeks from counsel informally.

As Davis does not specify allege which documents have allegedly been withheld we are unable to compel production. Accordingly, Davis's motion to compel production in this regard is hereby denied.

## CONCLUSION

For the reasons above, Davis's motion to compel production of documents [doc. 70] is hereby DENIED in its entirety.

THUS DONE this 21st day of October, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE