**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **NOLAN C. DAVIS, SR.** | **:** | **CIVIL ACTION NO. 2:12-cv-1746** |
| **VSERSUS** | **:** | **JUDGE MINALDI** |
| **DANIEL GRANGER, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

# MEMORANDUM ORDER

Before the court is the motion for a preliminary injunction, [doc. 88] filed by *pro se* plaintiff Nolan C. Davis, Sr. (hereafter, "Davis"). Davis is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (hereafter, "LDOC"), and he is incarcerated at Allen Correctional Center (hereafter, "ALC") in Kinder, Louisiana. Named defendants in this matter are: the GEO Group, Inc.; ALC Warden Terry Terrell; Assistant Warden Keith Cooley; and Captain Daniel Granger (hereafter, collectively, "defendants").

For the following reasons, **IT IS ORDERED** that the motion for a preliminary injunction is hereby **DENIED.**

## I. FACTS & PROCEDURAL HISTORY

Davis claims that he is constantly exposed to high levels of Environmental Tobacco Smoke (hereafter, "ETS") at ALC, and that this exposure poses a serious risk to his health. Doc. 88, p. 1. He also claims that his Eighth Amendment rights are being violated because the defendants will not enforce the prison's no-smoking policy or provide him proper medical care

for his allergic reactions to ETS.[1] *Id.* Therefore, Davis moves the court to issue an order directing that he be transferred out of ALC to a smoke-free facility. *Id.* at 1–2.

This is Davis's third motion for injunctive relief,[2] and it differs from the earlier motions only in the relief sought. Davis now requests to be transferred out of ALC entirely and into another state prison rather than to a smoke-free unit within ALC itself. Doc. 88. Davis's arguments in support of the motion are essentially the same as those previously advanced. *See* docs. 14, 21, 77, & 88.

## II. LAW & ANALYSIS

### A. Preliminary Injunction Requirements

In order for the court to grant a preliminary injunction, a plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001). Plaintiff must prove all four elements, and the failure to prove any one of the elements will result in denial of the motion. *Enterprise Intern, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). Pursuant to Rule 65(a)(1) of the Federal Rules of Civil

---

[1] Defendants filed several affidavits in opposition to Davis's motion for summary judgment [doc. 58] that dispute these claims. Doc. 85, atts. 2–6. We are disposing of the motion for summary judgment trough separate ruling.

[2] Davis first moved for an order directing defendants to transfer him to a different unit within ALC itself. Doc. 14. He also requested an order requiring defendants "to arrange for an examination and a plan of treatment by a qualified doctor." *Id.* at 4. The undersigned denied Davis's motion because the complaint was then still under initial review. Doc. 18.

Davis then filed a second motion similar to the first. Doc. 21. The undersigned ordered Davis to provide a written explanation of how and to what extent the second motion differed from the first or raised different issues. Doc. 24. Davis timely complied with the order. Doc. 25. He explained that, although ALC officials had apparently transferred him to a different unit, the amount of smoking in his new unit was "still unreasonable." *Id.* at 2–3. He also explained that ALC medical staff had only offered him saline solution in response to his complaints of allergic reaction to ETS and that this lack of medical attention violated his Eighth Amendment rights. *Id.* at 4–6. The undersigned denied the motion but noted that service on the defendants had been ordered on the same date and that plaintiff could re-urge the motion once defendants had been served. Doc. 26.

Procedure, the court may only issue a preliminary injunction upon notice to the adverse party. FED. R. CIV. PROC. 65(a)(1).

Furthermore and because this action concerns prison conditions, the Prison Litigation Reform Act (hereafter, "PLRA") imposes additional restrictions on the authority to grant an injunction. The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). Thus, the PLRA prohibits an order granting prospective relief or a preliminary injunction unless the court first finds that such relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm. *See* 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2).

**B. Standard for Assessing Claims of Exposure to ETS**

In *Helling v. McKinney*, the Supreme Court set forth a two-part test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment rights. *Helling v. McKinney*, 509 U.S. 25 (1993). First, the prisoner must show that he is being exposed to unreasonably high levels of ETS. *Id.* at 35. In assessing that factor, the court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. *Id.* at 36. The court must also "assess whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.*

The second *Helling* factor is that prison authorities must act with deliberate indifference to the prisoner's health and safety. *Id.* "In evaluating deliberate indifference to ETS, the following factors should be considered: the adoption of a smoking policy; the administration of

that policy; and the *realities* of prison administration." *Callicutt v. Anderson*, 48 F. App'x 916, 916 (5th Cir. 2002) (emphasis in original) (quoting *Helling*, 509 U.S. at 36-37).

**C. Analysis**

Based on the above standards, Davis is not entitled to injunctive relief. Davis's factual assertions regarding the non-enforcement of ALC's no-smoking policy have been consistently denied by the defendants and the appropriate vehicle for resolving this dispute will be through summary judgment or trial. The question of whether and to what extent defendants have harmed Davis by exposing him to ETS in violation of *Helling* "goes to the heart of the merits." *Samuels v. Arnold*, 2013 WL 2404008 at *2 (W.D. La. 2013) (prisoner who claimed exposure to excessive levels of ETS not entitled to injunctive relief insofar as motion sought a judgment without the need for a trial). Accordingly, as there remain disputed issues of fact, it would be premature for the court to conclude that the plaintiff is likely to succeed on the merits and grant a preliminary injunction in his favor.

Moreover, the relief sought by Davis is inappropriate. "It is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts will not interfere unless presented with substantial evidence of patently unreasonable conduct." *Daughtry v. Denmark*, 2008 WL 4965304 at *2 (S.D. Miss. Nov. 18, 2008) (citing *Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979)); *see also McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order."). The decision of where to house an inmate is unquestionably the prerogative of the State in which the prisoner was convicted. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has

authorized the State to impose."). The contested assertions in Davis's motion do not present the court with substantial evidence of patently unreasonable conduct on the part of ALC. Accordingly, the court will not interfere with the State's authority regarding the institution in which Davis is incarcerated. Such action would violate the general prohibition against judicial interference with the internal operations of the prison system, *see Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979), as well as the dictates of the PLRA requiring that injunctive relief must be narrowly drawn and extend no further than necessary to correct the alleged harm. *See* 18 U.S.C. §§ 3626(a)(1)(A); 3626(a)(2).

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Davis's motion for preliminary injunction, [doc. 88], be and the same is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers this 18th day of March, 2014.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE