UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


NOLAN C. DAVIS, SR.                    :          CIVIL ACTION NO. 2:12-cv-1746


VERSUS                                 :          JUDGE MINALDI


DANIEL GRANGER, ET AL                  :          MAGISTRATE JUDGE KAY


**MEMORANDUM ORDER**


Before the court is a Motion to Revoke Plaintiff's In *Forma Pauperis* Status [doc. #142] filed by defendants The GEO Group, Inc., Daniel Granger, Keith Cooley, Terry Terrell and Darren Scruggs (herein collectively referred to as "defendants").  The motion is opposed by plaintiff, Nolan C. Davis, Sr.

For the following reasons, the motion is **GRANTED** and plaintiff's in *forma paruperis* status is hereby **REVOKED**.


I.
BACKGROUND

Plaintiff, a former inmate at Allen Correctional Center, filed this suit under 42 U.S.C. § 1983 seeking damages for violation of his constitutional rights for exposure to second hand tobacco smoke.  At the time suit was filed, June 18, 2010, plaintiff sought leave to proceed in *forma pauperis* ("IFP").  Docs. 2, 6.  By Order dated July 17, 2012, this court granted his request and ordered that the sum of $11.17 be paid as an initial partial filing fee and that plaintiff make monthly payments of twenty percent of the preceding month's income in his prison account until

-2-

the total fee of $350 was paid in full.  Doc. 8.  As of this date, plaintiff has paid a total of $11.17.[1]

In the motion before the court defendants argue that Davis has abused his *pauperis* status by filing multiple frivolous lawsuits and should not be allowed to proceed IFP because he has accumulated least three strikes under 28 U.S.C. § 1915(g).  They urge the court to revoke plaintiff's IFP status and order that he pay the remainder of the filing fee in order to proceed with this lawsuit.

Davis opposes the motion arguing that, when he filed the current lawsuit, he only had two prior suits that were dismissed under 28 U.S.C. § 1915(g).  He contends that at the time this suit was filed a third lawsuit that was dismissed by the district court for failing to state a claim was on appeal and therefore not a final judgment.  He argues that even though the appellate court affirmed the third dismissal, he had not accumulated three strikes when this lawsuit was filed.  Thus, he contends that he was properly allowed to proceed IFP.  Davis also argues that his IFP status should not be revoked because he is in imminent danger of serious physical injury from exposure to second hand smoke and 28 U.S.C. § 1915(g) does not bar a prisoner from proceeding IFP under those circumstances.

**II.**
**LAW AND ANALYSIS**

Section 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

---

[1] The docket sheet shows one entry on August 21, 2012 from the financial department with the notation "confirmation of receipt of payment from Nolan Davis in the amount of $11.17."

be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants submit that plaintiff has accumulated strikes in the following three cases:

(1)   *Davis v. Smith,* No. 1:11-cv-01676 (W.D. La.).  On April 16, 2012, judgment was entered denying and dismissing plaintiff's case as frivolous and failing to state a claim under 28 U.S.C. § 1915(e)(2)(B).  No appeal was taken from this dismissal.

(2)   *Davis v. Gusman,* No. 2:09-07195 (E.D. La.).  On April 28, 2010, judgment was entered dismissing plaintiff's complaint as legally frivolous and failing to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).  An appeal was dismissed for lack of jurisdiction on September 2, 2010.  *Davis v. Gusman,* No. 10-30400 (5th Cir. 9/2/2010).  Writs were denied on January 10, 2011.  *Davis v. Gusman,* 131 S.Ct. 923 (2011).

(3)   *Davis v. Michot,* No. 1:12-00019, (W.D. La.).  On January 7, 2013, judgment was entered denying and dismissing plaintiff's case for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B).  This judgment was affirmed on August 2, 2013 on appeal.  *Davis v. Michot,* 537 Fed. App'x. 566 (5th Cir.2013).  Davis sought no further review.

Dismissals of all three actions for frivolity and failure to state a claim are now final.

Since the third dismissal noted above was rendered after plaintiff filed the present lawsuit this court must decide if this dismissal should be considered a strike which would put plaintiff's IFP status in jeopardy.

Plaintiff relies on cases from the Third and Tenth Circuits which have held that a dismissal does not qualify as a strike for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights.  *See Lopez v. Dept. of Justice,* 228 Fed. App'x 218 (3rd Cir. 2007), *Jennings v Natrona Cnty. Det. Ctr. Med. Facility,* 175 F. 3d 775 (10th Cir. 1999).  Defendants, on the other hand, call our attention to the case of *McGrew v. Barr,* 2011 WL 1107195 * 4 (M.D. La. 3/22/11) (Trimble, J.) where the court, relying on *Adepegba v. Hammons,* 103 F.3d (5th Cir. 1996), found that plaintiff's accumulation of three strikes "albeit

two (2) of which were after he filed the instant lawsuit" required revocation of his IFP status. The court noted that, in *Adepegba*, the Fifth Circuit "explained that by adding Section 1915(g), Congress determined that three qualifying dismissals constituted per se abuse of the i.f.p. procedures and that the 'three strikes' provision merely codified an existing practice in the courts designed to prevent prisoners from abusing the i.f.p. privilege." *McGrew* at *3.  The court further noted that the statute requiring a prisoner to pay the filing fee is neither "novel nor penal" and does not affect his or her access to the courts but simply puts them "on the same footing as every other petitioner in federal court." *Id.* at *2-3.  In *McGrew* the court revoked plaintiff's IFP status and ordered that he pay the full filing fee with failure to do so resulting in the case being stricken. *Id.* at *4.

Further, in *Davis v. Michot,* 537 Fed. App'x. 566, 568 (5th Cir.2013), the case in which plaintiff accumulated his third strike, the Fifth Circuit stated, "[b]ecause [Davis] has now accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."  As noted previously, plaintiff did not seek writs from that judgment and it is now final.

Like the court in *McGrew* we find that plaintiff has accumulated three strikes and that IFP status should be revoked even though the final strike was declared after he filed this litigation.  We also find that plaintiff has not alleged facts to show that he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).  In his opposition to the motion, plaintiff

-5-

avers that he is in imminent danger of physical harm from "exposure to second hand smoke to his preexisting and future health" but provides no further particulars.[2] Doc. 147, p. 4-5.

Accordingly,

**IT IS ORDERED** that defendants' Motion to Revoke Plaintiff's In *Forma Pauperis* Status [doc. #142] is **GRANTED** and the Order granting plaintiff *in forma pauperis* status [doc. 8] is hereby **REVOKED** and **RESCINDED**;

**IT IS FURTHER ORDERED** that plaintiff pay the full filing fee of $350.00 within forty-five (45) days from the date of this order, with credit for the amount that he has already paid. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THIS CASE BEING STRICKEN FROM THE RECORD.**

THUS DONE this 15th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Foster v. Unidentified Party,* 34 Fed. App'x 963 (5th Cir. 2002) finding that the district court did not err in finding that plaintiff who alleged that defendants negligently subjected him to second hand smoke by failing to enforce a no-smoking policy had failed to demonstrate that he was in "imminent danger of serious physical injury."