UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NOLAN C. DAVIS, SR.,** | * | **CIVIL ACTION NO. 2:12-cv-1746** |
| **Plaintiff,** | * | |
| v. | * | **JUDGE MINALDI** |
| **DANIEL GRANGER, ET AL.,** | * | |
| **Defendant.** | * | |
| | * | **MAGISTRATE JUDGE KAY** |

**************************************************************************

## MEMORANDUM RULING

Before the court is a Supplemental Complaint (Rec. Doc. 108) alleging that James M. LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, subjected Nolan C. Davis to cruel and unusual punishment in violation of the Eight Amendment because of prison policies implemented by LeBlanc.[1] There is also a Motion to Continue Trial (Rec. Doc. 207) filed by LeBlanc. The court **GRANTS** summary judgment *sua sponte* that LeBlanc is entitled to Eleventh Amendment immunity for any claims against him, and also finds that the Motion to Continue Trial (Rec. Doc. 207) is **DENIED AS MOOT**.

## FACTS & PROCEDURAL HISTORY

On July 7, 2012, Nolan C. Davis, then a prisoner in the Allen Correctional Center ("ACC"), filed a complaint alleging that he was exposed to environmental tobacco smoke ("ETS") in violation of the Eight Amendment of the United States Constitution.[2] Davis alleges that he suffers from chronic sinus allergies, which is aggravated by exposure to ETS.[3] According to Davis, prisoners smoke in violation of prison policy because guards are frequently not at their

---

[1] Supplemental Compl. (Rec. Doc. 108), at 5.
[2] Compl. (Rec. Doc. 5-1), at 1.
[3] Supplemental Compl. (Rec. Doc. 108), at 1.

1

posts to enforce the smoking ban.[4] Moreover, Davis asserts that guards smoke on the walkways and outside the unit doors.[5] Although Davis was originally located in the ACC, he was subsequently transferred to the Avoyelles Correctional Center ("Avoyelles").[6] Davis alleges that he continued to be exposed to ETS at Avoyelles.[7]

In a Supplemental Complaint filed on October 29, 2014, Davis alleged that James M. LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, demonstrated a deliberate indifference to Davis' medical needs in violation of the Eight Amendment because of the policies implemented by LeBlanc.[8] Davis seeks compensatory damages in the amount of $1,500,000 from LeBlanc.[9] The court considers this claim to be against LeBlanc in his official capacity because it refers to him as "Secretary of DOC James M. LeBlanc."[10] Moreover, Davis failed to explicitly state the claim was against LeBlanc in a personal capacity as he has done with other defendants.

This matter is set for a jury trial on March 14, 2016. On February 24, 2016, LeBlanc filed his Answer (Rec. Doc. 206) and a Motion to Continue Trial (Rec. Doc. 207). The motion to continue argues that LeBlanc has insufficient time to "(1) address the claims asserted by plaintiff, Nolan Davis; (2) submit dispositive motions; or (3) prepare a defense for trial." On February 25, 2016, the court gave notice to all parties that it was considering entering summary judgment *sua sponte* that LeBlanc has Eleventh Amendment immunity against any claims against him.[11]

---

[4] *Id.* at 2.
[5] *Id.*
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.* at 5.
[9] *Id.* at 6.
[10] *Id.* at 5.
[11] *See* Order (Rec. Doc. 208).

2

## LAW & ANALSYIS

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is said to be "genuine" only where a "reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).

In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). However, the court will not, in the absence of proof, "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore,*

*Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little*, 37 F.3d at 1075).

ELEVENTH AMENDMENT IMMUNITY

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This broad grant of immunity also extends to federal suits against a state brought by the citizens of that state. *See Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

A state need not be named in a complaint in order to trigger the provisions of the Eleventh Amendment, as it bars any suit where a state is a "real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Eleventh Amendment immunity covers state agencies that may be properly characterized as arms of the state. *Porche v. St. Tammany Parish Sheriff's Office*, 67 F. Supp. 2d 631, 632 (E.D. La. 1999). The Fifth Circuit has found that the Louisiana Department of Public Safety and Corrections enjoys Eleventh Amendment immunity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999). Moreover, the Eleventh Amendment bars claims for damages when the claimant is suing state officers in their official capacities, and the damages would be paid out of the state treasury. *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).

The court provided adequate notice to the parties of its intent to enter summary judgment *sua sponte* when it issued the Order on February 25, 2016. LeBlanc is an official of the

Louisiana Department of Public Safety and Corrections, a state agency that enjoys Eleventh Amendment immunity, and is being sued in his official capacity for monetary damages. Thus, the court finds LeBlanc is entitled to Eleventh Amendment immunity for the claims against him. The court further finds that it is appropriate to dismiss LeBlanc as a defendant in this matter.

Finally, the Motion to Continue Trial (Rec. Doc. 207) filed by LeBlanc is no longer necessary as LeBlanc is dismissed as a defendant, and thus the motion is **DENIED AS MOOT**.

Lake Charles, Louisiana, this ___ day of __March__, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE